### HIRAM WADSWORTH *vs.* AVIRA WILLIAMS & others.

Upon the levy of an execution on land, notice was given by the officer to the judgment debtor to appoint an appraiser to assist in the levy and appraise the land on a day specified. The debtor failing to do so, the officer appointed an appraiser for him, who was sworn with the other appraisers, and viewed the land with them, on that day; and then the levy was suspended, under the Gen. Sts. c. 133, § 50, by reason of a prior attachment. *Held,* that, on the dissolution of that attachment, it was not needful to the validity of further proceedings under the levy for the officer to give a new notice to the judgment debtor to choose an appraiser, but the same appraisers might complete the appraisement.

If, on a trial of the issue whether a deed was fraudulent and void against the grantor's creditors, he becomes joined as the party defendant, although only by reason of the grantee's death and as his heir, evidence becomes admissible of his declarations after the making of the deed.

A deed made for the purpose of defrauding the grantor's present or future creditors is not valid against them in favor of the grantee who shared in the fraudulent intent, although made for a full consideration, and when the grantor was fully solvent.

S., after mortgaging land to secure payment of a sum of money and of a previous mortgage, conveyed it to A. with a warranty against all persons claiming by, through or under S. A. afterwards, by a deed fraudulent and void against his creditors, reconveyed it to S., who then, after payment of both mortgages, took a release of the land from their holder. On the trial of a writ of entry for the land, brought against S. by a judgment creditor of A., to whom, after all-the said conveyances, the land had been set off on execution, *Held,* that the release took effect as a discharge, and not as an assignment of the mortgages, and inured as such to the benefit of the demandant.

WRIT OF ENTRY by the assignee in insolvency of Daniel Bacon to recover land in Petersham. Writ dated November 30, 1863. After the decision in this case reported 97 Mass. 339, Susannah Williams, the original tenant, died, and her four heirs were summoned in her stead, two of whom, Almond Williams and Avira Williams, appeared and assumed the defence, and the two others were defaulted. At the new trial in the superior court, before *Vose*, J., the material facts appeared as follows:

The disputed premises were part of a farm which was con-veyed to Susannah Williams by Harding P. Woods and Spen

cer Field September 3, 1838; by her conveyed to Avira Williams March 1, 1838; and by him reconveyed to her by deed of warranty January 12, 1857. The demandant claimed title under the levy of an execution issued December 11, 1861, in favor of Daniel Bacon, on a judgment obtained by him against Almond and Avira Williams on their promissory note dated December 9, 1854; and contended that the reconveyance of Avira to Susannah Williams was fraudulent and void against the creditors of Avira. The tenants claimed title under that reconveyance, and also as mortgagees in possession under a quitclaim deed of Abel Loring to Susannah Williams, dated December 8, 1859.

1. It appeared by the certificate of the appraisers and the return of the officer on the execution, that the officer seized the land on the execution January 6, 1862; gave notice to Almond and Avira Williams that he should cause it " to be appraised and set off to satisfy this execution on the 22d day of the same January, and they might appoint an appraiser to assist in the levy of said execution and to appraise said real estate on the said 22d day of January ;" and on January 22, the judgment debtors having neglected to appoint an appraiser, appointed one for them, and caused the appraisers to be sworn ; that on the same day the appraisers viewed the premises; and that then the levy was suspended, by reason of a prior attachment of the land, (the validity of which suspension was determined by the decision reported 97 Mass. 339,) until April 13, 1863, when, within thirty days after the prior attachment was dissolved, without any notice being given to the judgment debtors to choose a new appraiser, the appraisement was made by the same appraisers, and the levy was completed. The tenants contended that the levy was invalid for want of such a notice.

2. On the issue whether the reconveyance by Avira Williams to Susannah Williams, January 12, 1857, was in fraud of his creditors, the demandant was permitted to introduce, against the tenants' objection, evidence of their declarations in conversations with each other and in joint conversations with the witnesses, to that effect, after the making of the deed.

3. On this issue the tenants requested an instruction to the jury that, " if the debtor had property amply sufficient, open and unconcealed, to pay his debts in full at the time of making the conveyance without consideration, it was valid as against creditors." But this instruction the judge refused; and, in submitting the case to the jury, gave instructions on the issue, as follows : " Whether a voluntary conveyance of real estate, or one made only on a meritorious consideration, be fraudulent and void as against creditors, is a question of fact, to be determined by all the circumstances attending the grant, and especially upon the pecuniary condition of the grantee at the time of the conveyance. A voluntary conveyance could not be said to be fraudulent and void as against creditors, if it was made by a person substantially free from debt, and possessed of a large amount of property other than the property conveyed, and who had no intent, by the conveyance in question, to hinder or delay creditors. But it would be a fact significant of a fraudulent intent, if the voluntary conveyance was made by a person deeply in debt, and possessed of property inadequate for the payment of his debts. If the conveyance in controversy was made upon a valuable consideration, but for the purpose of putting the property beyond the reach or control of the creditors of Avira Williams, and Susannah Williams knew of such purpose at the date of the deed, such conveyance would be fraudulent and void as against the demandant. If the jury should be of opinion that the conveyance was a voluntary one by Avira, made while he was indebted beyond his means of payment, the jury would be warranted in returning a verdict for the demandant, and it was not necessary to show any participation by Susannah Williams in such fraud beyond her receiving the deed under such circumstances."

4. With regard to the deed of Abel Loring to Susannah Williams, December 8, 1859, these facts appeared : On March 29 1838, Horatio N. Henry, who then owned the farm, mortgaged it to John W. Holland to secure the payment of a sum of money; and on September 3, 1838, conveyed it to Harding P Woods and Spencer Field, subject to the Holland mortgage

Woods and Field, who on the day last named conveyed it to Susannah Williams, took from her on the same day a mortgage of it, conditioned to pay them a sum of money and also to pay and discharge the Holland mortgage. The deed of March 1, 1839, by which Susannah Williams conveyed the farm to Avira Williams, was a deed of quitclaim with a special covenant on her part to warrant and defend the quitclaimed premises against the lawful claims and demands of all persons claiming by or under her. On July 14, 1847, Avira Williams mortgaged the farm to Francis A. Brooks; and when, on January 12, 1857, he conveyed it back to Susannah Williams by a warranty deed, he excepted from the warranty the two mortgages, of himself to Brooks, and of Susannah Williams to Woods and Field. Meanwhile the Holland mortgage had passed by assignment to Abel Loring on November 23, 1844; and the mortgage of Susannah Williams to Woods and Field had also passed to him by an assignment dated January 24, 1848. On December 8, 1859, having received payment of the sums due under both mortgages, Loring executed to Susannah Williams a quitclaim deed of the farm, with a special covenant of warranty " against the lawful claims and demands of all persons claiming by or under me, [him,] and against said mortgage deed " of Susannah Williams to Woods and Field. The tenants contended that this deed of Loring took effect as an assignment to Susannah Williams of the Holland mortgage and Woods and Field mortgage; but the judge ruled that it was a discharge of those mortgages.

The jury found for the demandant; and the tenants alleged exceptions.

*C. Brimblecom & W. A. Williams*, for the tenants.

*P. E. Aldrich*, for the demandant.

Hoar, J. This case is somewhat complicated; but an analysis of it shows that the questions for decision are not numerous or difficult of solution.

The action was originally brought against Susannah Williams; and upon her decease two of her heirs, Almond and Avira Williams, appeared and assumed the defence. The demandant claims under a levy upon the land as the property of

Avira Williams. The tenants' title is a deed from Avira, prior to the levy, which deed the demandant contends was fraudulent and void as against creditors, and which has been found to be so by the verdict of the jury. The tenants also claim title as the assignees of a mortgage, and deny the validity of the demandant's levy.

1. The objection to the validity of the levy appears to have no foundation. It has been already decided that the officer was justified in suspending further proceedings under it, after he had taken the land upon the execution, by reason of a prior attachment. *Wadsworth* v. *Williams*, 97 Mass. 339. The appraisers were appointed and sworn in January 1862. The debtor neglecting to appoint an appraiser, the officer appointed one for him. The appraisers viewed the land taken on the execution, and then further proceedings were suspended till April 1863, when, within thirty days after the prior attachment was disposed of, the levy was completed. These proceedings were regular and legal. The tenants argue that, because the notice to choose an appraiser stated that the officer would cause the land to be appraised and set off on the 22d of January 1862, and the levy was on that day suspended, a new notice should have been given to choose an appraiser at the time the levy was completed in 1863. But there is no such requirement of the statute, and we can see no reason for it. The debtor had the opportunity to appoint, and neglected to do so. The appraisers were lawfully appointed, and their authority continued until they had completed their work. The levy was suspended after the land was taken, and before the appraisal, which is what the statute contemplates. There was no greater delay than was made necessary by the existence of the prior attachment.

2. The testimony of the declarations of Almond and Avira Williams was admissible, not as the declarations of alleged fraudulent grantors after they had parted with their title, which would be incompetent, but because they were parties to the action on trial.

3. The instructions asked by the tenants were properly refused. A conveyance made with an actual purpose and intent

to defraud creditors, present or future, is not valid against them in favor of a grantee who participates in the fraudulent intention, although made for a full consideration, and by a grantor in the possession of any amount of property. The instructions given by the court were undoubtedly correct as far as they went; and no error in them is suggested by the tenants. If further instructions were desired, they should have been asked.

4. The remaining exception is to the ruling of the court that the quitclaim deed from Abel Loring to Susannah Williams, dated December 8, 1859, operated as a discharge, and not as an assignment to her of the mortgages which Loring then held. Whether the release of a mortgage will constitute a discharge or an assignment depends not so much upon the form of the instrument as upon the relations of the parties to the estate, and their presumed intent derived from the circumstances under which the conveyance is made. If the release is to a party whose duty it is to extinguish the mortgage for the benefit of another, it will be held to operate as a discharge. *Gibson* v. *Crehore*, 3 Pick. 475. *Brown* v. *Lapham*, 3 Cush. 552.

Susannah Williams, who was the owner of the premises in controversy on the 3d of September 1838, mortgaged them on that day to Woods and Field, to secure the payment of a sum of money, and also to secure the payment of a previous mortgage to Holland. By her deed of March 1839 to Avira Williams, she covenanted against all persons claiming by, through or under her. By force of this covenant, so long as the estate remained in Avira, she was bound to extinguish the Woods and Field mortgage, which she had herself made; and to do this must necessarily extinguish also the Holland mortgage. As between her and Avira, therefore, any payment of these mortgages must operate as a discharge, and a transfer of the mortgage title to her would have the effect of a release, and not of an assignment. The tenants contend that she would be under no such obligation to the creditors of Avira; but this claim is based upon a misapprehension of the true relation of the parties. The demandant has levied upon the land as the property of Avira, treating the conveyance by him to Susannah as fraudulent and

void. The fraud being established by the verdict, that convey-
ance is to be regarded as a nullity, so far as the demandant is
concerned. He takes the title of Avira as if no such convey-
ance had been made, and succeeds to all his rights. It follows,
obviously, that the demandant will take the benefit of the cove-
nant in the deed from Susannah to Avira, as much as any other
part of Avira's title; and that her payment of the mortgages
according to her covenant inures to the demandant's use as a
discharge of them.                          *Exceptions overruled.*