MERCHANTS DISCOUNT COMPANY *vs.* ESTHER ABELSON, INC.
& others.

Suffolk.   May 11, 1937. — June 28, 1937.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Equity Pleading and Practice*, Bill, Decree, Amendment.

A demurrer to a bill in equity brought by a creditor against two de-
fendants to reach and apply to satisfaction of a debt owed by one
defendant merchandise conveyed by him to the second defendant,
properly was sustained on the ground that the allegations were "vague,
indefinite, and inadequate," and did not "specifically or sufficiently
set forth facts" to inform the defendant "of the claim or claims of
the plaintiff," where it did not clearly appear whether the plaintiff
relied on a conveyance fraudulent under G. L. (Ter. Ed.) c. 109A,
§ 7, or upon one "fraudulent and void" under G. L. (Ter. Ed.) c. 106,
§ 1.

Where the plaintiff, after a demurrer to his bill in equity had been sus-
tained, did not avail himself of leave to amend given in the Superior
Court, a motion for leave to amend filed in this court was denied.

A final decree dismissing a bill in equity brought against several de-
fendants after the sustaining of the demurrer of one, was construed
as dismissing the bill as to that defendant only.

BILL IN EQUITY, filed in the Superior Court on December
23, 1936.

An interlocutory decree sustaining the demurrer by the
defendant Cohen was entered by order of *O'Connell*, J., and
thereafter a final decree dismissing the bill was entered by
order of *Williams*, J.   The plaintiff appealed.

*E. M. Dangel*, (*L. E. Sherry & S. Andelman* with him,)
for the plaintiff.

*P. Cowin*, for the defendants.

PIERCE, J.   This is a suit in equity brought to reach and
apply, in satisfaction of a debt, a stock of merchandise con-
veyed by the defendant Esther Abelson to the defendant
Jerome Cohen, in fraud of the plaintiff as a creditor.

The bill was filed December 23, 1936, and amended
January 20, 1937.   In paragraph 1 is alleged an indebted-

ness to the plaintiff on a promissory note made by the defendants Esther Abelson, Inc., S. Max Abelson and Esther Abelson. In paragraph 2 the plaintiff alleges that the defendant Esther Abelson owned and conducted the business of merchandise of embroideries and linens in her business establishment located on Boylston Street, in Boston. In paragraph 3 the plaintiff alleges "that the defendant, Esther Abelson, for the purpose of hindering, delaying, defeating, and defrauding her creditors, particularly the plaintiff, sold and conveyed all her interest in said business to the defendant Jerome Cohen on or about October 5, 1936, and that the defendant, Jerome Cohen, on or about October 5, 1936, filed a business certificate with the clerk of the city of Boston, city hall records; and that said sale by the defendant, Esther Abelson, to Jerome Cohen was made in fraud of her creditors in that said defendants, Esther Abelson and Jerome Cohen did not notify the plaintiff of the time and place of said sale; that said sale of the stock of merchandise was otherwise than in the ordinary course of trade and in the regular and usual prosecution of the seller's business." In paragraph 4 it is alleged that "The defendant, Esther Abelson, has been and now is, insolvent and has no property which can be come at to be attached at law." The defendants Esther Abelson, Inc., Esther Abelson and S. Max Abelson filed answers, which need not be here set out.

The defendant Jerome Cohen filed a demurrer as follows: "Now comes the defendant Jerome Cohen and demurs to the third paragraph of the bill of complaint, and more particularly that portion of the third paragraph which sets forth the following 'for the purpose of hindering, delaying, defeating and defrauding her creditors, particularly the plaintiff' on the grounds: (1) That the allegations therein are vague, indefinite, and inadequate, and do not specifically or sufficiently set forth facts as to enable this defendant to be clearly informed of the claim or claims of the plaintiff in the entire bill, so far as the said third paragraph, and more particularly the portion thereof hereinabove mentioned is or may be material to such claim or claims. (2)

That the allegations therein are not direct and positive but are argumentative and state conclusions of law." The other defendants did not demur or join in Cohen's demurrer.

In support of his demurrer, Cohen contends that paragraph 3 of the plaintiff's bill attempts to set forth a cause of action against him based on two or on one of two grounds: (1) "That the defendant Esther Abelson made a transfer to him [Jerome Cohen] of her interest in a business for the purpose of hindering, delaying, defeating and defrauding her creditors and more particularly the plaintiff"; and (2) "That she made a transfer to him of said interest in violation of the sales in bulk act." Cohen asserts that it "is difficult to ascertain whether the plaintiff is proceeding on both the aforementioned grounds, or on one of them, and if on one, which one"; and that in "any event, the allegations in the third paragraph in connection with each of said grounds are vague, indefinite, uncertain, inadequate, insufficient and argumentative, and do not specifically or sufficiently set forth facts as to enable the defendant Jerome Cohen to be clearly informed of the plaintiff's claim." He directs attention to the fact that the allegation that the sale and conveyance were made "for the purpose of hindering, delaying, defeating and defrauding her creditors" states a conclusion of law, which is not admitted by the demurrer to be true as a matter of fact, because, as a matter of fact, the allegation is vague, indefinite and inadequate. *Cohen* v. *Levy,* 221 Mass. 336, 338. *Cosmopolitan Trust Co.* v. *S. L. Agoos Tanning Co.* 245 Mass. 69, 73.

The words used in paragraph 3 of the bill, contended by the plaintiff to be admitted to be true, as facts, by the demurrer, are words of art having a definite meaning in the law (St. 13 Eliz. c. 5), which was adopted in this Commonwealth, in 1924, in the uniform fraudulent conveyance law (now G. L. [Ter. Ed.] c. 109A, § 7), which is as follows: "Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay or defraud either present or future creditors, is fraudulent as to both present and future creditors." This section covers transfers with actual fraudulent

intent, and it is elementary under this act that a transfer for a valuable consideration cannot be set aside, unless the purchaser knew of or participated in the fraudulent purpose of the seller. *Livermore* v. *Boutelle*, 11 Gray, 217, 220. *Cohen* v. *Levy*, 221 Mass. 336, 339. Although paragraph 3 charges that the defendant Esther Abelson "for the purpose of hindering, delaying, defeating, and defrauding her creditors . . . sold and conveyed all her interest in said business to the defendant Jerome Cohen," there is no allegation that the defendant Jerome Cohen knew of or participated in any fraudulent purpose of the seller, if any existed. In this connection it is to be noted that the words "sold" and "sale" used in the bill imported that the transfer to the defendant Cohen was for a consideration. See G. L. (Ter. Ed.) c. 106, § 3. And it is to be further noted that the charge in paragraph 3 of the bill of complaint, that the sale "was made in fraud of . . . creditors" of Esther Abelson, in that she and Cohen "did not notify the plaintiff of the time and place of said sale," does not state a fraud on creditors within the uniform fraudulent conveyance law. G. L. (Ter. Ed.) c. 109A, §§ 4, 5, 6, 8. The requirement of notice of the time and place of sale is a requirement under the sales in bulk act, G. L. (Ter. Ed.) c. 106, §§ 1, 2. Under G. L. (Ter. Ed.) c. 109A, where intent is presumed in law, like transfers without fair consideration, insolvency or pending insolvency is the qualifying factor. Under the sales in bulk act insolvency is an immaterial fact, and only present creditors have any standing. Under the uniform fraudulent conveyance law a transfer without actual fraudulent intent is protected to the amount of the consideration paid though not a fair consideration. G. L. (Ter. Ed.) c. 109A, § 9 (2).

If it be assumed that the plaintiff seeks relief against the defendants under the sales in bulk act as well as under the uniform fraudulent conveyance law, the demurrant Cohen contends that the allegations in support of this charge are also vague, indefinite, argumentative, insufficient and inadequate and do not sufficiently set forth the facts to enable the demurrant to be fully informed of the claim.

G. L. (Ter. Ed.) c. 106, § 1, provides as follows: "The

sale in bulk of any part or the whole of a stock of merchandise, otherwise than in the ordinary course of trade and in the regular and usual prosecution of the seller's business, shall be fraudulent and void as against the creditors of the seller, unless the seller and purchaser, at least five days before the sale, make a full, detailed inventory, showing the quantity and, so far as possible with the exercise of reasonable diligence, the cost price to the seller of each article to be included in the sale; and unless the purchaser demands and receives from the seller a written list of names and addresses of creditors of the seller, with the amount of indebtedness due or owing to each and certified by the seller, on oath, to be, to the best of his knowledge and belief, a full, accurate and complete list of his creditors and of his indebtedness; and unless the purchaser, at least five days before taking possession of such merchandise, or paying therefor, notifies personally, or by registered mail, every creditor whose name and address are stated in said list, of the proposed sale and of the price, terms and conditions thereof."

The demurrant Cohen further points out that the charges of the bill are to the effect that the defendant Esther Abelson sold to him "her interest" in the business, and that the plaintiff did not receive notice of the time and place of sale from the seller and the purchaser. He contends that the statute is not applicable to the sale of an interest in a business as distinguished from a sale of merchandise. However that may be, it is plain on reading the act that it does not require notification of the time and place of sale by the seller and purchaser, but requires that the purchaser "at least five days before taking possession of such merchandise, or paying therefor . . . [shall notify] personally, or by registered mail, every creditor . . . of the proposed sale and of the price, terms and conditions thereof." Cohen further directs attention to the fact that there is no charge in the bill to the effect that he did not demand and receive a list of the seller's creditors, nor charge that he did not give notice of the "proposed sale and of the price, terms and conditions thereof" to those on the "complete list" of the seller's creditors.

The plaintiff does not charge that the sale to the defendant Cohen was a sale in bulk of any part or the whole of the seller's stock of merchandise, which was made otherwise than in the ordinary "course of trade and in the regular and usual prosecution of the seller's business," though this fact may probably be inferred. It is plain that if the plaintiff seeks relief on any ground not resulting from the violation of the sales in bulk act, the defendant Cohen should be informed of such purpose, and the facts and the acts and conduct establishing any other type of fraudulent conveyance should be stated, or such purpose be disclaimed. The defendant Cohen was entitled to know the substantial facts and grounds upon which the plaintiff is seeking relief, in order that he may answer fully and fairly and make an intelligent defence to the bill. It is unnecessary to consider further the form of the bill, as the demurrer of Cohen was sustained rightly on the ground assigned, "That the allegations therein are vague, indefinite, and inadequate, and do not specifically or sufficiently set forth facts as to enable this defendant to be clearly informed of the claim or claims of the plaintiff in the entire bill . . . ." *Wright* v. *Dame*, 22 Pick. 55, 59. *Stevens* v. *Hayden*, 129 Mass. 328, 332. *Arnold* v. *Maxwell*, 223 Mass. 47, 48. *Chinese American Restaurant Corp.* v. *Finigan*, 272 Mass. 360, 364.

The plaintiff did not avail itself of the leave to amend paragraph 3 of the bill of complaint given it in the Superior Court. Its motion to amend filed in this court is denied.

We think that the final decree should be construed as dismissing the bill only against the defendant Cohen because it is not appropriate to parties defendant who did not join in the demurrer, and that the final decree thus construed should be affirmed.

*Ordered accordingly.*