MICHAEL ARENA *vs.* LOUISE ERLER & others.

Norfolk. February 9, 1938. — March 30, 1938.

Present: RUGG, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Equity Pleading and Practice*, Bill. *Probate Court*, Proceedings in equity. *Fraudulent Conveyance.*

A demurrer to a petition in equity in a probate court, brought by a creditor of a deceased person for the benefit of the estate, to set aside certain conveyances of property by the decedent as in fraud of creditors, rightly was sustained for insufficiency of averments as to the fraud, which was charged only in general terms, and for lack of averments that the grantees were not *bona fide* purchasers.

PETITION IN EQUITY, filed in the Probate Court for the county of Norfolk on March 2, 1937.

A demurrer was sustained by *McCoole*, J. The petitioner appealed.

The case was submitted on briefs.

*H. J. Webb*, for the petitioner.

*H. L. Metcalfe* & *A. T. Handverger*, for the respondents.

DOLAN, J. This is a petition in equity in which the petitioner prays that certain conveyances of real estate and assignments of mortgages made by Domenic Arena, late of Franklin, deceased, be set aside and declared void, and that said real estate and mortgages be decreed to be assets of the estate of the deceased. There was also a prayer that the respondents be enjoined from "transferring, conveying, mortgaging, assigning or in any other manner encumbering or affecting the title to the real estate and mortgages" involved. A temporary restraining order was granted "as prayed for." The respondents are Louise Erler, and John Arena individually, as he is trustee under separate trusts for Domenic J. Arena and Mary Louise Arena, and as he is executor of the will of the deceased.

The petitioner alleges that he brings the petition not only for his own benefit, but also for the benefit of the

estate of the deceased and for the benefit of all creditors of the estate who may desire and who may be allowed by the court to intervene or join in and become parties. It is further alleged in the petition that it would be useless to request the respondent executor, John Arena, to bring the petition. Further allegations are that on September 21, 1935, the deceased, who died on April 23, 1936, was indebted to the petitioner in the sum of $2,150 and interest, no part of which has been paid; that on that date in September the deceased, being possessed of certain real estate and mortgages, conveyed the real estate and assigned the mortgages to certain of the respondents in fraud of creditors; that the petitioner had brought an action in the District Court of Western Norfolk against the respondent John Arena in his capacity as executor to recover his claim, but that such action affords him no protection against or remedy in case of conveyance or assignment of the real estate and mortgages in question by the respondents.

The conveyances of real estate were as follows: a parcel on Chestnut Street, in Franklin, and one on Pleasant Street, also in Franklin, by separate deeds to the respondent Louise Erler; two parcels, also in Franklin, by separate deeds to the respondent John Arena. The assignments of mortgages were as follows: the "Newcombe" and "Lamagna" mortgages to the respondent John Arena in trust for Domenic J. Arena; the "DePoto" mortgage to the same respondent in trust for Mary Louise Arena; and the "Pierrie" mortgage to the respondent Louise Erler.

The respondents appeared and filed a demurrer alleging, as amended, eight grounds. The judge entered a decree sustaining the demurrer and dismissing the petition, and the petitioner appealed. The petitioner points out that the judge did not state the grounds on which he sustained the demurrer, but, while sometimes helpful, that is not necessary because upon appeal all grounds stated are open. *Ratté* v. *Forand*, 299 Mass. 185, 187, and cases cited.

Among the grounds assigned in the demurrer, the respondents set up that the petitioner has not stated a case which entitles him to relief; that many of the allegations of

the petition are vague, indefinite and immaterial; and that the petition does not set forth concisely and with substantial certainty facts necessary "to constitute a cause or causes of action against any of the defendants." It is settled that a petition in equity must contain a clear and precise statement of all the material facts upon which the petitioner's asserted right to relief depends, in order to enable the respondents to be informed of the specific nature of the claim against them. See *Arnold* v. *Maxwell*, 223 Mass. 47, 48; *Chinese American Restaurant Corp.* v. *Finigan*, 272 Mass. 360, 364; *Boyajian* v. *Hart*, 292 Mass. 447, 450–451; *Merchants Discount Co.* v. *Esther Abelson, Inc.* 297 Mass. 517, 519, 522. While the petition alleges that the real estate was conveyed, and the mortgages were assigned, in fraud of creditors, that general allegation without a recital of facts from which the alleged fraud results is not sufficient. *Nye* v. *Storer*, 168 Mass. 53, 55. *Peters* v. *Equitable Life Assurance Society*, 200 Mass. 579, 586, 587. *Kidder* v. *Greenman*, 283 Mass. 601, 610. Such a general allegation of fraud states merely a legal conclusion. *Morley* v. *Police Commissioner of Boston*, 261 Mass. 269, 281. Moreover, there is no averment that the respondents took title other than in good faith and for a valuable consideration. See *Molony* v. *Rourke*, 100 Mass. 190. There is no allegation that any of the respondents "knew of or participated in any fraudulent purpose of the . . . [deceased]." *Merchants Discount Co.* v. *Esther Abelson, Inc.* 297 Mass. 517, 520.

The petitioner has addressed his argument principally to a discussion of the purposes of G. L. (Ter. Ed.) c. 230, § 5, and of his right thereunder as a creditor to bring this petition in equity to enforce for the benefit of the estate of the deceased a claim in favor of the estate, because, as he alleges, the respondent executor is unable to do so by reason of his interest. The remedy prescribed, however, is by a suit in equity, and the proceedings under the statute are governed by the rules of equity practice and procedure to which the petition in the present case does not conform. See G. L. (Ter. Ed.) c. 214, § 14, and *Burroughs* v. *Wellington*, 211 Mass. 494, 496.

We think, however, that the decree of the Probate Court sustaining the demurrer and dismissing the petition should be amended by the insertion of the words "without prejudice" after the word "dismissed" (see *Abbott* v. *Bean,* 295 Mass. 268, 273), and as thus amended it is

*Affirmed.*