283 So.2d 102 (1973)
LAKE KILLARNEY APARTMENTS, INC., et al., Petitioners,
v.
ESTATE of John M. THOMPSON, Jr., et al., Respondents.
No. 42878.
Supreme Court of Florida.
July 31, 1973.
Rehearing Denied October 18, 1973.
*103 Verne L. Freeland, Miami, for petitioners.
Edward J. Richardson, Saxon & Richardson, Melbourne, Robert W. Duckworth, Duckworth & Hobby, Orlando, Ronald H. Roby, Roby & Cunningham, Orlando, and Will A. Nason, Nason, Gildan & Yeager, West Palm Beach, for respondents.
McCAIN, Justice.
This cause is before us on petition for writ of certiorari to review a decision of the District Court of Appeal, Fourth District, reported at 267 So.2d 118. It is apparent from the record proper that this decision conflicts with Fannin v. Fritter, 127 Fla. 97, 172 So. 691 (1937). We therefore have jurisdiction pursuant to Article V, Section 3(b)(3), Florida Constitution, F.S.A. See Foley v. Weaver Drugs, 177 So.2d 221 (Fla. 1965).
A complaint was filed below by petitioners Muldrew, Warren, Varner and Lake Killarney Apartments, Inc., seeking cancellation of three promissory notes issued by the corporation and endorsed by Muldrew, Warren and Varner. The grounds upon which such equitable relief was requested were mistake and lack of consideration.
The order of the circuit court denying the requested relief, which was affirmed by the District Court, recites the facts surrounding the execution of the three notes. Briefly, they are that the individual petitioners and two other parties traded some land, in which all five were involved in a joint venture, for the stock of two corporations, with all of the parties mistakenly believing the net worth of the corporations to be approximately $250,000. The other two parties did not want to participate in the new joint venture, so the stock of the corporation was divided equally among Muldrew, Warren and Varner and they  as officers of one of the corporations  issued promissory notes worth $50,000 to each of the other two parties. (There are three notes because one party directed that half of his $50,000 be made payable to another person.) Muldrew, Warren and Varner endorsed the notes individually.
The financial status of the corporations, however, turned out to be much worse than the parties had thought. Nevertheless, Muldrew, Warren and Varner attempted for several years to make a success of the new venture and to pay the interest on the promissory notes as it became due. Ultimately, the corporations failed. They were from start to finish, as stated by the trial court, "a disaster from a financial stand-point."
In denying the cancellation of the notes  and in awarding judgments against petitioners on the counterclaims based upon the notes  the trial court stated:
"There is little doubt that the transaction was a case if extreme poor business judgment but this is hindsight rather then [sic] foresight. As indicated by one of the Defendants they all had hopes of making a go of the transaction. Neither law nor equity can save parties from a case of the exercise of ill-fated business judgment. As stated in Fannin v. Fritter, for use of American National Bank of Pensacola, 172 So. 691, `the fact that he used bad judgment in signing it or signed it for something that was thought to have a value, but which later vanished, in no sense relieves them of responsibility'... ."
If this had been purely a legal action, the trial court would have been correct in its decision and in its reliance upon Fannin v. Fritter, supra. Fannin v. Fritter actually was a purely legal action brought on a note by the payee against the maker. Certain defenses were raised which are similar to the grounds for cancellation that were alleged by petitioners in this case. Just prior to the above-quoted language of the Fannin case relied upon by the trial court, we stated in regard to these defenses, "There may be equitable substance to this contention, but we are not in a court of equity." The law stated in Fannin, *104 therefore, is not applicable in an equitable action in which a proper ground for cancellation of a note has been adequately pleaded and proven. Since this was actually done in the case sub judice, the trial court's reliance on Fannin has resulted in a misapplication of the law stated therein.
The contention that no consideration was given for the notes is without merit. Although the stock of the corporations might have been almost worthless, there was clearly some legal consideration, which is not dependent upon value.
It is clear from the record, however, that there was a mutual mistake as to a material and substantial element of the parties' transaction. The primary purpose of that transaction was an equitable division of the proceeds received for the land traded by the joint venturers. The only way the parties could have reached such an equitable division was to ascribe some dollar value to the stock obtained. Since all parties were mistaken as to the stock's true value, there was never actually a meeting of the minds as to the essential nature of the arrangement. Certainly all the parties might have made a bad bargain in trading for the stock itself, and if this suit were to rescind such an arm's-length business deal the result would be different. We are not concerned, however, with any sort of "sale" of the stock in this case. Neither are we concerned with a minor error in valuation of the stock, but with a complete misunderstanding of the results of the arrangement arrived at. Cancellation of the notes is proper under these circumstances. Moore v. Wesley E. Garrison, Inc., 148 Fla. 653, 5 So.2d 259 (1941); St. Lucie Estates, Inc. v. Nobles, 105 Fla. 421, 141 So. 314 (1932); Langley v. Irons Land & Development Co., 94 Fla. 1010, 114 So. 769 (1927); Ormsby v. Ginolfi, 107 So.2d 272 (Fla.App.3d, 1959).
This cause, however, must be returned to the trial court for further proceedings, because of the fundamental basis of an action for cancellation or rescission of an instrument. The basis for these equity actions is restoration of the status quo. Peninsula Terminal Co. v. Zaring, 113 Fla. 87, 151 So. 514 (1933). Therefore, on remand the trial court shall be directed to hear evidence, if necessary, and make a finding of the actual value of the stock of the two corporations at the time the joint venturers acquired it. Judgments shall then be entered in favor of the noteholders for that value of the percentage of stock represented by each note.
Upon remand, the trial court must now also make a finding as to whether any of the respondents is an innocent purchaser for value of the notes and therefore a holder in due course. If so, the judgment on the note in favor of such respondent shall be reinstated. See Fla. Stat. § 673.305, F.S.A.
The decision of the District Court of Appeal, Fourth District, rendered in this cause is hereby reversed. The cause is remanded to the District Court with directions to further remand to the trial court for the purposes of conducting any necessary proceedings and entering a new final order consistent with this opinion.
Also before us is the District Court's order awarding attorney's fees to one of the respondents. The notes involved in this case do not contain any clause concerning attorney's fees on appeal. An award of such fees was error. See Luckhardt v. Pardieck, 142 So.2d 749 (Fla.App.2d, 1962). Therefore, the District Court is also reversed in this respect.
It is so ordered.
CARLTON, C.J., and ADKINS and DEKLE, JJ., concur.
ERVIN, J., dissents.