888

INTERNATIONAL HARVESTER CRED-
IT CORPORATION and International
Harvester Company, Plaintiffs-Appel-
lants,

v.

EAST COAST TRUCK and R. V. Sales,
Inc., et al., Defendants-Appellees.

EAST COAST TRUCK and R. V. Sales,
Inc., Plaintiff-Appellee,

v.

INTERNATIONAL HARVESTER
COMPANY,
Defendant-Appellant.

No. 75–2196.

United States Court of Appeals,
Fifth Circuit.

Feb. 25, 1977.

John H. Schulte, Miami, Fla., for plaintiffs-appellants.

George L. Hudspeth, William E. Williams, Jacksonville, Fla., for defendants-appellees.

Before BROWN, Chief Judge, GODBOLD, Circuit Judge, and MEHRTENS,[*] District Judge.

GODBOLD, Circuit Judge:

The central issue in this case is whether the district court correctly granted rescission of a contract when the party seeking relief not only failed to affirmatively ask for rescission in his complaint but specifically disavowed any intention of seeking such relief.

The facts are set forth in extensive detail in the opinion of the district court.[1] There-fore, only a brief summary will be given here. Appellants, a manufacturer of motor trucks, and its related finance company ("Harvester"), entered into a franchise agreement with appellee, a retail truck dealer and its guarantors ("East Coast"). Harvester shipped 43 trucks to East Coast under a floor financing plan. Before East Coast could begin selling the trucks it had to obtain a motor vehicle dealer's license from the Department of Motor Vehicles of Florida.[2] Unexpectedly another franchised dealer interposed an objection which delayed the issuance of a license for several months. In the interim East Coast was unable to sell the trucks it had, and therefore refused to make payment to Harvester on those trucks. In response Harvester refused to ship parts to East Coast except on a C.O.D. basis.

East Coast brought a diversity suit against Harvester for breach of contract, fraud in the inducement, constructive fraud in the inducement and negligent misrepresentation. Shortly thereafter Harvester brought a diversity action against East Coast seeking to recover $176,000 due on the 43 vehicles, and on notes, a security agreement and a guaranty. The suits were consolidated for trial. After a bench trial the District Judge ruled that East Coast had failed to prove any of its claims, and that under normal circumstances Harvester would be entitled to relief on its claims. However, he ordered the contracts rescinded on the ground of mutual mistake of material fact, i. e., both parties believed that the existing franchisee would interpose no objection to the granting of a license to East Coast. As an alternative ground the court pointed to Harvester's placing East Coast on a C.O.D. basis as an action which it felt to be a failure of consideration or substantial non-performance of Harvester's contractual obligations. The court ordered East Coast to pay to Harvester the proceeds

---

[*] Senior District Judge for the Southern District of Florida, sitting by designation.

1. *International Harvester Credit Corp. v. East Coast Truck & R. V. Sales, Inc.*, 387 F.Supp. 820 (S.D.Fla., 1975).

2. Fla.Stat. § 320.61 (1973) (repealed in 1976).

of its sales of some of the 43 trucks, and ordered Harvester to accept delivery of the remaining vehicles. Harvester accepted delivery of the remaining trucks and appealed from the decision of the district court.

■ East Coast moved to dismiss Harvester's appeal on the ground that Harvester lost its right to prosecute an appeal when it accepted the return of the trucks. Whatever merit the "acceptance of benefits" doctrine may have, it has never been operational except where acceptance of the benefits was voluntary and intentional. *Cherokee Nation v. U. S.*, 355 F.2d 945, 949, 174 Ct.Cl. 131 (1966). In this case Harvester was faced with a decree ordering it to take back 30 trucks. It moved to have that order stayed, but its motion was denied. If it did not comply with the decree it faced the risk of being held in contempt. Under these circumstances, Harvester's acceptance of the trucks could scarcely be called voluntary and intentional. We deny appellee's motion to dismiss Harvester's appeal.

■ The trial court's findings of fact cannot be said to be clearly erroneous. But the remedy of rescission cannot stand. In its complaint East Coast did not ask for rescission. It entered into a pretrial stipulation that the contract between it and Harvester was valid and binding. At the pretrial conference, in response to questions by the trial judge, counsel for East Coast stated that he was not seeking rescission.

The district court attempted to support its grant of rescission on the basis of Fed.R. Civ.P. 15(b)[3] and its "equity jurisdiction."

■ While Fed.R.Civ.P. 15(b) does permit amendment of the pleadings to bring them in line with the evidence adduced at trial, the pleadings may not be amended without the express or implied consent of the parties. During the trial evidence was introduced without objection that tended to show the existence of a mutual mistake of fact and failure of consideration. However, the introduction of evidence relevant to an issue already in the case may not be used to show consent to trial of a new issue absent a clear indication that the party who introduced the evidence was attempting to raise a new issue. *Bettes v. Stonewall Insurance Co.*, 480 F.2d 92 (CA5, 1973); *Wirtz v. Savannah Bank & Trust Co.*, 362 F.2d 857 (CA5, 1966); 6 C. Wright and A. Miller, Federal Practice and Procedure § 1493 at 466–67 (1971); 3 Moore's Federal Practice, ¶ 15.13[2] at 992 (1974). In the present case, the evidence of the parties' understanding of the existing franchisee's position and of the justification for Harvester's placing East Coast on a C.O.D. basis was relevant to East Coast's claims of negligent misrepresentation and breach of contract. When the evidence was introduced East Coast gave no indication that it planned to use the evidence to support a rescission of the contract. Thus the introduction of this evidence cannot be used to imply consent. Moreover, an implied amendment of the pleadings will not be permitted where it results in substantial prejudice to a party, "i. e., whether he had a fair opportunity to defend and whether he could offer any additional evidence if the case were to be retried on a different theory." *Monod v. Futura, Inc.*, 415 F.2d 1170, 1174 (CA10, 1969), 6 Moore's Federal Practice, *supra*, at 992–93. Possibly rescission in this case was not available to East Coast under the law of

---

**3.** Fed.R.Civ.P. 15(b) states:

"Amendments to Conform to the Evidence. When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these

issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence."

Florida because there has been no showing that the parties can be returned to the status quo ante, *Gentry v. Smith*, 487 F.2d 571, 578 (CA5, 1973); *Lake Killarney Apts., Inc. v. Estate of Thompson*, 283 So.2d 102 (Fla., 1973), or because under the doctrine of ratification and waiver East Coast has lost its right to rescind. *Rood Co. v. Board of Public Instruction*, 102 So.2d 139, 141–42 (Fla., 1958). Harvester did not raise or air these issues because it was operating under the reasonable understanding that East Coast was not seeking rescission.[4] Under these circumstances, Fed.R.Civ.P. 15(b) furnished no justification for the district court's remedy.[5]

■ Appellees interpret the district court's reference to its "equity jurisdiction" to refer to the duty of a court in a nondefault case under Fed.R.Civ.P. 54(c)[6] to grant the party in whose favor judgment is rendered the relief to which he is entitled even if the party has not demanded such relief in his pleadings. Rule 54(c) does permit or perhaps even requires the trial judge to grant relief to which a party is entitled even if not requested in the prayer for relief, but there are exceptions to the rule. One of the exceptions exists where the failure to demand the relief granted prejudiced the opposing party. *Sapp v. Renfroe*, 511 F.2d 172, 176 n. 3 (CA5, 1975). Harvester was prejudiced by East Coast's failure to seek rescission in its complaint.

We uphold the trial court's findings of fact, but we cannot sustain its remedy.

Motion to dismiss DENIED, AFFIRMED in part, VACATED in part, and REMANDED for further proceedings.

**4.** East Coast's counsel was as surprised as counsel for Harvester when the trial judge issued the order rescinding the contract.

**5.** *Cf. U. S. v. 47 Bottles, More or Less*, 320 F.2d 564, 573–74 (CA3), *cert. denied sub nom. Schere v. U. S.*, 375 U.S. 953, 84 S.Ct. 444, 11 L.Ed.2d 313 (1963) (issuance of injunction in condemnation action held abuse of trial court's discretion because defendant had no opportunity to raise various equitable defenses).

**6.** Fed.R.Civ.P. 54(c) provides:

"A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment. Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings."