Billy Gene WELLS, Plaintiff,

v.

Wilbur J. SCHMIDT, Secretary of the Department of Health and Social Services, et al., Sanger B. Powers, Administrator of the Division of Corrections, et al., R. L. Gray, Warden, Wisconsin State Prison, et al., J. J. Winnans, Deputy Warden, Wisconsin State Prison, Defendants.

No. 73–C–204.

United States District Court,
W. D. Wisconsin.

Nov. 17, 1978.

Donald L. Bach, DeWitt, McAndrews & Porter, Madison, Wis., for plaintiff.

James H. Petersen, Asst. Atty. Gen., Madison, Wis., for defendants.

## ORDER

JAMES E. DOYLE, District Judge.

This is a civil action in which a prisoner complains that he was confined in segregation without due process of law. He alleges that as a consequence of his illegal confinement, he suffered a lack of medical care and an inability to earn money on prison jobs. In his original complaint, filed *pro se*, plaintiff requested "a permanent injunction or as the court may see fit to direct otherwise." In an order dated March 22, 1977, the United States Magistrate appointed Mr. Donald Bach, a member of the Wisconsin Bar, to represent plaintiff in his suit. By his court-appointed counsel plaintiff then moved to file an amended complaint. The amended complaint incorporated plaintiff's original complaint and elaborated upon the incidents alleged therein. It requested equitable relief and damages of $50,000. The motion to amend was granted, and in an order dated February 15, 1978, the United States Magistrate determined that plaintiff's amended complaint was considered to have been served and filed as of February 14, 1978. Defendants have now filed a motion to "relieve, quash, or determine propriety of service."

Defendants wish to establish that service of the amended complaint by court order on the named defendants Wilbur J. Schmidt, Sanger B. Powers, R. L. Gray, and J. J. Winnans, was ineffective. Defendants' argument is based upon their reading of Federal Rule of Civil Procedure 25(d). Rule 25(d) provides:

"When a public officer is a party to an action in his official capacity and during its pendency dies, resigns, or otherwise ceases to hold office, the action does not abate and his successor is automatically substituted as a party. Proceedings following the substitution shall be in the name of the substituted party, but any misnomer not affecting the substantial rights of the parties shall be disregarded. An order of substitution may be entered at any time, but the omission to enter such an order shall not affect the substitution."

Fed.R.Civ.P. 25(d)(1).

Defendants note, and plaintiff concedes, that none of the four named defendants now hold the offices they held at the time that plaintiff filed his complaint. Defendants contend that plaintiff's original complaint sought only equitable relief and hence constituted a suit against the named defendants in their official capacities only. Under the terms of Rule 25, defendants' argument continues, the new officials were automatically substituted for the old officials. Thus, defendants reason, at the time that plaintiff sought to amend his complaint to state claims for monetary relief against the officials holding office when plaintiff's claim arose, those original defendants were no longer parties to the lawsuit. Under this theory, plaintiff's amendment seeking monetary relief against the original defendants is in essence an amendment which adds parties to this lawsuit. These new parties, the argument concludes, must be individually served with process in order for the court to obtain jurisdiction over them. Since the parties concede and the record is clear that the amended complaint was not served upon the original defendants in accordance with Rule 4, these original defendants contend they should be dismissed from this suit.

The language of Rule 25(d) does not itself determine this issue of the propriety of service of the amended complaint. Rule 25(d) provides that a new official is automatically substituted for an old official whenever suit is brought against the old official "in his official capacity." But the rule does not define "official capacity."

The Advisory Committee Notes to Rule 25 give some guidance to the meaning of the phrase. According to the Advisory Committee Notes,

The expression "in his official capacity" is to be interpreted in its context as part of a simple procedural rule for substitution; care should be taken not to distort its meaning by mistaken analogies to the doctrine of sovereign immunity from suit or the Eleventh Amendment. *The amended rule will apply to all actions brought by public officers for the government, and to any action brought in form against a named officer, but intrinsically against the government or the office or the incumbent thereof whoever he may be from time to time during the action.* Thus the amended rule will apply to actions against officers to compel performance of official duties or to obtain judicial review of their orders. It will also apply to actions to prevent officers from acting in excess of their authority or under authority not validly conferred, cf. *Philadelphia Co. v. Stimson,* 223 U.S. 605, [32 S.Ct. 340, 56 L.Ed. 570] (1912), or from enforcing unconstitutional enactments, cf. *Ex parte Young,* 209 U.S. 123, [28 S.Ct. 441, 52 L.Ed. 714] (1908); *Ex parte La Prade,* 289 U.S. 444, [53 S.Ct. 682, 77 L.Ed. 1311] (1933). *In general it will apply whenever effective relief would call for corrective behavior by the one then having official status and power, rather than one who has lost that status and power through ceasing to hold office.* Cf. *Land v. Dollar,* 330 U.S. 731, [67 S.Ct. 1009, 91 L.Ed. 1209] (1947); *Larson v. Domestic & Foreign Commerce Corp.,* 337 U.S. 682, [69 S.Ct. 1457, 93 L.Ed. 1628] (1949).

(Emphasis added). Thus, the rule would clearly operate with respect to suits for injunctive relief against an official concerning his or her official duties.

██ The Committee Notes go on to provide that certain types of actions are excluded from the rule's operation:

*Excluded from the operation of the amended rule will be the relatively infrequent actions which are directed to securing money judgments against the named officers enforceable against their personal assets*; in these cases Rule 25(a)(1), not Rule 25(d), applies to the question of substitution. Examples are actions against officers seeking to make them pay damages out of their own pockets for defamatory utterances or other misconduct in some way related to the office, see *Barr v. Matteo,* 360 U.S. 564, [79 S.Ct. 1335, 3 L.Ed.2d 1434] (1959); *Howard v. Lyons,* 360 U.S. 593, [79 S.Ct. 1331, 3 L.Ed.2d 1454] (1959); *Gregoire v. Biddle,* 177 F.2d 579 (2d Cir. 1949), cert. denied, 339 U.S. 949, [70 S.Ct. 803, 94 L.Ed. 1363] (1950).

(Emphasis added). Thus, it appears that whether the substitution principle of Rule 25(d) applies in a given case depends upon the type of relief requested by the plaintiff in his or her action.

██ In the present case, plaintiff originally requested "a permanent injunction or as the court may see fit to direct otherwise." This prayer for relief clearly stated a claim against the original defendants in their official capacities. As to that prayer for relief, the present holders of the original defendants' positions are automatically substituted as defendants in this action. The remaining question is whether relief "as the court may see fit to request otherwise" is a sufficient request for monetary damages for the court to have acquired jurisdiction over the original defendants in their individual capacities. If so, the amended complaint need not be personally served on the defendants. If not, defendants must be served again if the court is to reacquire jurisdiction over them. I hold that in the circumstances of this case, the court has retained jurisdiction over defendants sufficient to allow service of the amended complaint on their attorney. I base this holding on my reading of Rule 54(c).

Rule 54(c) provides:

Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings.

Under this provision, a court may grant monetary relief to a party who has request-

ed only equitable relief. *See e. g., Sapp v. Renfroe*, 511 F.2d 172, 176 n. 3 (5th Cir. 1975) (party in civil rights action may be awarded monetary relief even though injunctive relief only was demanded in complaint); *Robinson v. Lorillard Corp.*, 444 F.2d 791, 803 (4th Cir. 1971), *cert. dismissed*, 404 U.S. 1006, 1007, 92 S.Ct. 573, 30 L.Ed.2d 655 (1971 & 1972) (back pay awarded after trial in Title VII action even though in their pleadings and at a pretrial hearing plaintiffs requested only injunctive relief). Similarly, where a party requests monetary relief a court may order equitable relief if appropriate. *Butler v. Local 823, International Brotherhood of Teamsters*, 514 F.2d 442, 454–55 (8th Cir.), *cert. denied*, 423 U.S. 924, 96 S.Ct. 265, 46 L.Ed.2d 249 (1975) (district court properly invited plaintiff at close of evidence to amend complaint to seek appropriate equitable relief). As stated by the Fifth Circuit not long after the adoption of the Federal Rules of Civil Procedure:

> When a suit is filed in a federal court under the Rules, the defendant knows that the whole transaction described in it will be fully sifted, by amendment if need be, and that the form of the action or the relief prayed or the law relied on will not be confined to their first statement.

*Barthel v. Stamm*, 145 F.2d 487, 491 (5th Cir. 1944), *cert. denied*, 324 U.S. 878, 65 S.Ct. 1026, 89 L.Ed. 1430 (1945). Thus, by the terms of Rule 54(c) even at the time they were originally served, defendants were potentially liable for monetary damages.[1] To the extent of that potential for individual liability, this court did not lose jurisdiction over defendants at the time that Rule 25(d) operated to substitute their successors in office as defendants to this action in their official capacities. The original defendants, therefore, are not strangers to this action and need not be re-served with this amended complaint in order to bring them before the court.

The issue I am presently deciding is one of the sufficiency of process. I do not at this time determine whether the amendments plaintiff makes to his complaint relate back to the date of filing of his original complaint for purposes of the statute of limitations or otherwise. *See* Fed.R.Civ.P. 15(c). Defendants have filed a motion addressing such issues,[2] and I express at this time no opinion on its resolution.

IT IS ORDERED that defendants' motion is DENIED.

---

1. In this case I hold that where a *pro se* plaintiff in a civil rights action requests injunctive and "other appropriate" relief, the court acquires personal jurisdiction over a government official in both an individual and an official capacity such that an amended complaint specifically requesting monetary relief need not be personally served on a defendant who no longer holds office. This holding does not require that in every case in which such a *pro se* plaintiff specifically requests only injunctive relief, I will consider also granting monetary relief. In most cases, it would prejudice defendants to grant such relief after I have adjudicated the parties' positions on the merits. The prejudice stems from the fact that defendants may have available in an action for monetary damages, defenses which are not available in an action for injunctive relief, most notably the good faith defense. *See Wood v. Strickland*, 420 U.S. 308, 314–15 n. 6, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975). Where granting relief which plaintiff does not specifically request would prejudice defendants, it would be inappropriate for me to enter such relief. *See Albemarle Paper Co. v. Moody*, 422 U.S. 405, 424, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975); *International Harvester Credit Corp. v. East Coast Truck*, 547 F.2d 888, 891 (5th Cir. 1977). In this case, where I have not yet decided the parties' suit on the merits, I determine only that plaintiff may amend his complaint to seek monetary damages without serving defendants again.

2. Briefing of that motion was held in abeyance until after the present motion was decided.