McLEAN–BEHM STEEL ERECTORS, INC., Petitioner,

v.

OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION and F. Ray Marshall, Secretary of Labor, Respondents.

No. 79–1073.

United States Court of Appeals, Fifth Circuit.

Dec. 17, 1979.

Stokes & Shapiro, Ira J. Smotherman, Jr., Atlanta, Ga., for petitioner.

Ronald R. Glancz, Al J. Daniel, Jr., Dept. of Justice, Allen H. Feldman, John A. Bryson, U. S. Dept. of Labor, Washington, D. C., for respondents.

Before FAY, RUBIN and HATCHETT, Circuit Judges.

FAY, Circuit Judge:

Pursuant to 29 U.S.C. § 660(a) (1976), petitioner McLean-Behm seeks review of an order and decision of the Occupational Safety and Health Review Commission [Commission] affirming a citation and monetary penalty for violation of certain construction

safety regulations. We consider whether the Commission erred in affirming the administrative law judge's amendment of the citation after the evidentiary hearing. We conclude that the law judge erroneously granted the post-hearing modification without petitioner's consent, unfairly depriving petitioner of adequate notice of the charge against it. Accordingly, we reverse the Commission's decision and set aside its order.

A construction site inspection by an Occupational Safety and Health Administration officer revealed that petitioner's employees working on an elevated steel structure did not have continuous protection from falls. The workers wore safety belts while they worked in stationary positions but had no protection as they changed positions. The Secretary of Labor [Secretary] issued a citation to petitioner, a subcontractor engaged in steel erection. The citation charged violation of 29 C.F.R. § 1926.28(a),[1] a general construction safety regulation requiring employers to provide personal protective equipment to employees working under hazardous conditions.

At the close of the Secretary's evidence in the administrative hearing, petitioner moved to dismiss the charge, arguing that a more specific safety regulation applicable to steel erection made general safety regulation section 1926.28(a) inapplicable. Petitioner contended that 29 C.F.R. § 1910.-5(c)(1)[2] mandated citation under the more specific regulation, 29 C.F.R. § 1926.-750(b)(1)(ii).[3] Explaining that he was prepared to argue defenses only to the general regulation and not to the specific regulation, petitioner's attorney objected to any amendment of the citation at that time. The Secretary expressly declined to move for the citation's amendment, and the administrative law judge reserved judgment on petitioner's motion to dismiss.

Petitioner then addressed his arguments to section 1926.28(a), the general safety regulation. After the hearing, both parties submitted briefs to the administrative law judge. Pursuant to Fed.R.Civ.P. 15(b),[4] the law judge *sua sponte* amended the citation to charge violation of specific regulation section 1926.750(b)(1)(ii), found petitioner to be in violation, and imposed a $300 penalty. The Commission affirmed that decision, and petitioner challenges it here.

■ We agree with the administrative law judge that the specific steel erection standard section 1926.750(b)(1)(ii) governs petitioner's safety practices. When specific standards are applicable to given factual circumstances, they supersede general safety regulations and control. See 29 C.F.R. § 1910.5(c)(1).

---

1.  29 C.F.R. § 1926.28(a) provides:

    The employer is responsible for requiring the wearing of appropriate personal protective equipment in all operations where there is an exposure to hazardous conditions or where this part indicates the need for using such equipment to reduce the hazards to the employees.

2.  29 C.F.R. § 1910.5(c)(1) provides in pertinent part:

    If a particular standard is specifically applicable to a condition, practice, means, method, operation or process, it shall prevail over any different general standard which might otherwise be applicable to the same condition, practice, means, method, operation, or process.

3.  29 C.F.R. § 1926.750(b)(1)(ii) provides:

    On buildings or structures not adaptable to temporary floors and where scaffolds are not used, safety nets shall be installed and maintained whenever the potential fall distance exceeds two stories or 25 feet. The nets shall be hung with sufficient clearance to prevent contacts with the surface of structures below.

4.  Fed.R.Civ.P. 15(b) provides:

    When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

Petitioner, however, asserts error in the administrative law judge's post-hearing amendment, arguing that the modification transgressed a fundamental prerequisite to amendment under Rule 15(b): express or implied consent to trial of the issues embodied in the amended charge. The record shows petitioner's express objection to adjudication of fault under the specific regulation, section 1926.750(b)(1)(ii). Although asked at the hearing whether an amendment would be appropriate, counsel for the Secretary specifically declined to make such a request. With great agility, however, the Secretary now contends that the petitioner's failure to object to evidence relevant to violation of the specific regulation evidences its implied consent to trial of issues pertinent to that regulation. During the hearing, the Secretary introduced evidence of the height at which the employees were working, the type of floor under them, the kind of fall protection devices used, and by photographic exhibits the absence of alternative protection devices. The Secretary argues that the unchallenged admission of this evidence, which would also have been probative of petitioner's violation of section 1926.750(b)(1)(ii), indicated petitioner's implied consent to trial under that regulation. *See Wallin v. Fuller*, 476 F.2d 1204, 1210 (5th Cir. 1973).

Such a quick reversal of direction would be more appropriate on a football field, for it totally ignores the clear and controlling rule of *International Harvester Credit Corp. v. East Coast Truck*, 547 F.2d 888 (5th Cir. 1977). Under that decision, the unchallenged admission of evidence relevant to both pleaded and unpleaded issues does not imply consent to trial of the unpleaded issues, absent some obvious attempt to raise a new issue. *Id.* at 890. Because all the proof adduced at the hearing was relevant

to the violation originally charged,[5] petitioner's failure to object to its admission cannot be construed as implied consent to trial of the unpleaded regulation.[6] Consequently, we find that amendment of the charge was reversible error.

Moreover, prejudice requiring reversal resulted from the post-hearing amendment. Elemental fairness proscribes depriving petitioner of its right to present defenses to the charge against it.[7] Fed.R.Civ.P. 15(b) certainly would have permitted the administrative law judge to add an alternative charge under section 1926.750(b)(1)(ii) before the evidentiary hearing closed, but the Secretary forewent that timely opportunity to afford petitioner adequate notice. Because the record in this case does not reveal uncontrovertably that petitioner could not have prevailed in any defense to such a charge, we find prejudice requiring reversal. *See id.* at 890–91.

For the foregoing reasons, the Commission's order is set aside and its decision is REVERSED.

---

5. Even photographs and testimony regarding the absence of safety nets was at least marginally relevant to the employer's violation of the general regulation, section 1926.28(a). Whether the employer supplied any alternative protection was probative of the hazards employees faced while their safety belts were unfastened.

6. Indeed, we doubt that consent could ever be implied in the face of a clear statement of one's position to the contrary.

7. Certain defenses are available to one charged with not utilizing safety nets including but not limited to impossibility of installation.