CUDAHY, Circuit Judge.
 

 The question presented in this appeal is whether the bankruptcy court erred in permitting a post-trial amendment of a pretrial order. We conclude that the bankruptcy court did not abuse its discretion in amending the order.
 

 I.
 

 In October 1977, Hannah Delagrange (the “debtor”) transferred her home to her daughter, Judith McKinley, in exchange for
 
 *230
 
 a life estate in the property and McKinley’s oral promise that she and her husband would take care of Delagrange for the rest of her life. Delagrange claimed that the conveyance of her home was also in exchange for her daughter’s work in the De-lagrange family enterprises.
 
 [1]
 
 McKinley sold the property to two bona fide purchasers for $58,900.00. After paying off the mortgage, the sale netted $38,020.53. McKinley borrowed $2,000 from a financial institution to be used as a down payment on a more modest home for her mother; McKinley characterized the $2,000 as a loan to her mother, but she apparently did not anticipate recouping the money.
 

 At the time of the conveyance, Dela-grange was heavily in debt and had only modest assets.
 
 [2]
 
 In May 1977, Peoples Trust Bank filed a complaint against Dela-grange, her son and Delagrange Builders based on a promissory note in the amount of $13,716.49. On August 23, 1977, First Federal Savings and Loan Association of Fort Wayne filed a complaint to foreclose on a piece of commercial property owned by Delagrange after she defaulted on her mortgage payments; the bank obtained a foreclosure judgment on April 10, 1978. Delagrange was also, at the time of the conveyance, a personal guarantor of Dela-grange Builders for loans in the amount of $8,000 from Fort Wayne National Bank and $49,000 from Lincoln National Bank. A few weeks after the conveyance in question, Lincoln National Bank filed a complaint on its note. In addition, Delagrange owed $8,800 to Grabill Bank at the time she transferred her home to her daughter.
 

 Delagrange filed for bankruptcy on December 10, 1979. On February 6, 1980, the trustee in bankruptcy filed suit in bankruptcy court against Delagrange and her daughter to void the debtor’s transfer of her home, contending that she transferred her property while insolvent for less than fair consideration in fraud of her creditors. Delagrange’s defense was that she was not insolvent at the time she sold her home and that she received adequate consideration in exchange.
 

 In the complaint and pretrial order, the trustee relied exclusively on section 544(a) of the Bankruptcy Code.
 
 [3]
 
 The defendants indicated in the pretrial order that they would oppose any attempt by the trustee to change the theory of his case from that set out in the complaint and pretrial order. The trustee filed his trial brief on November 4, 1980, two days before trial, and indicated for the first time that he would be relying on section 544(b)
 
 [4]
 
 in addition to section 544(a) as a basis of recovery. The defendants immediately filed an objection to the addition of section 544(b), requesting
 
 *231
 
 either that they be granted a continuance to give them an opportunity to respond to this new theory or that the trustee limit the theory of his case to section 544(a). A hearing was held on this motion on November 5, 1980. The court asked the trustee whether he could establish a claim under section 544(a), and after receiving an affirmative answer, the bankruptcy judge denied the request for a continuance and ordered the trustee to proceed solely under section 544(a).
 

 The trial was then held on November 6, 1980. The bankruptcy court found in favor of the trustee under section 544(a), without specifying which subsection entitled the trustee to recover, and entered judgment accordingly on May 29, 1981.
 
 In re Delagrange,
 
 No. 79-10701, order (Bankr.N.D.Ind. May 28, 1981). The court denied a motion to alter or amend its judgment and reaffirmed its decision; the court, however, did indicate that its decision was based on subsection 544(a)(3). No. 79-10701, order (Bankr.N.D.Ind. July 26, 1983). The defendants appealed to the District Court for the Northern District of Indiana.
 

 On appeal before the district court, the defendants contended that the bankruptcy court’s decision could not be sustained under any of the provisions of section 544(a). The defendants further argued that the decision could not be affirmed on the basis of section 544(b) because the trustee disclaimed reliance on that legal theory. The trustee, on the other hand, defended the bankruptcy court’s decision on the basis of sections 544(a)(1), 544(a)(3) and 544(b).
 

 The district court reversed the bankruptcy court’s decision because the facts did not support recovery under section 544(a)(3). No. 83-280, order (N.D.Ind. June 29, 1984). The district court also held, however, that the case should be remanded for further consideration. The court noted that although the bankruptcy court relied exclusively on section 544(a)(3), alternative theories on which relief could be granted were proposed at various points in the proceedings. The complaint and pretrial order indicated that the trustee was relying on section 544(a) in general and not exclusively on section 544(a)(3). The district court also noted that in their post-hearing memo-randa the parties briefed the applicability of sections 544(a)(1), 544(a)(3) and 544(b). The bankruptcy court was thus directed to consider the other potential bases of relief on remand. The district court specifically ordered the bankruptcy court to consider amending the pretrial order to provide for recovery under section 544(b). Upon defendants’ motion to alter or amend its judgment, this decision was reaffirmed. No. 83-280, order (N.D.Ind. March 8, 1985).
 

 In response to the defendants’ contention that the trustee could not recover under section 544(b) because he agreed to proceed to trial only under section 544(a), the court noted that an attorney’s inadvertence should not preclude a case from being decided on the merits.
 
 Id.
 
 at 2. The court concluded that it was for the bankruptcy court to decide whether the section 544(b) claim could be considered on remand. To avoid unfair surprise, the district court, however, did order the bankruptcy court, if it considered section 544(b) on remand, to permit the defendants to present evidence on that theory.
 
 Id.
 

 The parties entered into a stipulation on remand in the bankruptcy court that neither party would introduce additional evidence and that, if the case was retried under section 544(b), the bankruptcy court’s former findings of facts, except for the amount of the recovery, would stand as written. The parties also stipulated that the trustee could not, as a matter of law, recover under section 544(a)(1). Stipulations (filed July 9, 1985). The trustee filed a brief in support of amending the pretrial order and in support of its position on the section 544(b) claim. The defendants did not file a brief. The bankruptcy court found in favor of the trustee on the basis of section 544(b) and awarded title to the property purchased by McKinley to the trustee together with money damages. No. 79-10701, order (Bankr.N.D.Ind. April 24, 1986). This decision was affirmed by the district court, 65 B.R. 97 (N.D.Ind. 1986). The defendants now appeal to this court.
 

 
 *232
 
 II.
 

 The appellants concede that the transfer by Delagrange to her daughter was a fraudulent conveyance. Appellants' Brief at 5-6. The question presented on appeal is whether the bankruptcy court could consider amending the pretrial order to include a claim under section 544(b) after the trustee agreed to proceed solely under section 544(a).
 

 Contrary to the appellants’ position, the trustee’s initial disclaimer of reliance on section 544(b) does not irretrievably preclude the bankruptcy court from amending the pretrial order on remand to add a claim under section 544(b). Under Rule 16(e), the pretrial order can be “modified only to prevent manifest injustice.” Fed.R.Civ.P. 16(e).
 
 [5]
 
 To decide whether to permit amendment of the pretrial order, the court must
 

 weight] the possible hardships imposed on the respective parties by allowing or refusing to allow the order to be modified; the court must also balance the need for doing justice on the merits between the parties (in spite of the errors and oversights of their attorneys) against the need for maintaining orderly and efficient procedural arrangements.
 

 3 J. Moore,
 
 Moore’s Federal Practice
 
 IF 16.20, at 16-79 to 16-80 (2d ed. 1985). The disclaimer is simply one factor to be considered.
 
 [6]
 

 The trustee’s initial failure to make a section 544(b) claim was not due to any willfulness or bad faith on his part.
 
 See United States v. First Nat’l Bank,
 
 652 F.2d 882, 887 (9th Cir.1981). The trustee claims that the omission of a cause of action under section 544(b) in his complaint and pretrial order was due to a typographical error. This explanation seems plausible because both documents allege facts and raise issues relevant to a fraudulent conveyance claim under section 544(b). The appellants do not contest the trustee’s explanation for the omission; in fact the parties stipulated on remand before the bankruptcy court that “there was no willfulness or bad faith on the part of the trustee with the inclusion of ‘544(a)’ in the original complaint and trial order.” Stipulations.
 

 When the trustee realized his error originally, he attempted in his trial brief to add a claim under section 544(b). The appellants immediately objected to the inclusion of this “new” cause of action and requested either that the trustee drop this claim or that the bankruptcy court grant a continuance to give them time to prepare a defense. At the hearing held on this motion, the bankruptcy judge asked the trustee whether he could prove a claim under section 544(a). When the trustee answered in the affirmative, the judge indicated that the trial would be held as scheduled, and the trustee would be limited to section 544(a). Appellants’ Brief at 3.
 

 Under the appellants’ own version of the events at the November 5 hearing, it is not clear to us that the trustee in fact disclaimed reliance on section 544(b). Apparently, the trustee did not tell the bankruptcy judge that he would prefer to forego his claim under section 544(b) rather than have the trial delayed. Rather, as the appellants relate the facts, the bankruptcy court decided that the trial would proceed immediately under section 544(a) because the trustee thought he could prove a claim
 
 *233
 
 under that section; it is not clear that the bankruptcy court actually put the choice to the trustee. Thus, the trustee may never have affirmatively relinquished his right to raise a claim under section 544(b).
 

 Unfortunately, we do not know exactly what transpired at the November 5 hearing. Neither a transcript of proceedings nor any order resulting from that hearing has been included in the record on appeal. However, even if the trustee did inform the bankruptcy court that he would rather drop his claim under section 544(b) than delay the trial, we do not think that this circumstance by itself precludes the bankruptcy court from amending the pretrial order on remand to include this cause of action. Other factors to be considered in granting or denying amendment include the prejudice to the trustee and to the defendants resulting from the decision as well as the burden placed on the court by the pursuit of a new cause of action.
 

 The equities in this case weigh heavily in favor of the trustee. The trustee, and the creditors he represents, would obviously be prejudiced if the bankruptcy court refused to modify the pretrial order. The trustee would be barred by
 
 res judicata
 
 from bringing a new suit based on section 544(b), and the creditors are apparently time-barred from bringing a suit in their own right. Thus, neither the trustee nor the creditors could upset a transfer that is concededly a fraudulent conveyance.
 

 The appellants, on the other hand, were not prejudiced in any legally relevant sense by the court’s amendment of the pretrial order to include a claim under section 544(b). The bankruptcy court gave the appellants an opportunity to present further evidence on the section 544(b) claim, in effect granting their earlier motion for a continuance.
 
 [7]
 
 Delagrange and McKinley, however, chose not to present any further evidence and did not even think it worth their while to submit a brief to the bankruptcy court.
 
 [8]
 
 Thus, the appellants cannot seriously argue that they were prejudiced by the bankruptcy court’s consideration of the trustee’s claim under section 544(b).
 
 [9]
 

 Another factor that weighs in favor of upholding the amendment of the pretrial order is the minimal impact the modification had on the administration of this case.
 
 See First Nat’l Bank,
 
 652 F.2d at 887. The parties stipulated on remand that “[i]f the case were tried or retried under 11 U.S.C. § 544(b), the Court’s fact findings would be identical to those (except for the amount of recovery) contained in its May 28,1981, order.” Both sides also stipulated that they would not present any further factual evidence. Thus, the bankruptcy court merely had to consider in light of the
 
 *234
 
 new cause of action the evidence previously submitted.
 

 The amendment of the pretrial order in this case was necessary “to prevent manifest injustice.” The decision of the district court is, therefore,
 

 AFFIRMED.
 

 [1]
 

 . McKinley may also have included some cash as part of this transaction. This point was not conclusively established in bankruptcy court but, in any event, any payment amounted to less than two hundred dollars.
 

 [2]
 

 . Delagrange’s assets included her home (in which she had $29,611.34 worth of equity), a $1,300 certifícate of deposit, a checking account with a balance between $700 and $800 and a car. Her annual income totaled approximately $3,500 in 1977.
 

 [3]
 

 . Section 544(a) provides, in relevant part, as follows:
 

 (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—
 

 (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;
 

 [[Image here]]
 

 (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide .purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.
 

 11 U.S.C. § 544(a)(1) and (3) (West Supp.1987).
 

 [4]
 

 .Section 544(b) provides:
 

 (b) The trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title.
 

 11 U.S.C. § 544(b) (1982). .
 

 [5]
 

 . Bankruptcy Rule 7016 provides that “Rule 16 F.R.Civ.P. applies in adversary proceedings.”
 

 [6]
 

 . In
 
 Janke Constr. Co. v. Vulcan Materials Co.,
 
 527 F.2d 772, 776 (7th Cir.1976), for example, the district court found for the plaintiff on the basis of promissory estoppel even though the plaintiff’s attorney had stated at the pretrial conference that he was trying the case on contract theories and the judge had said at the end of the conference that only a narrow contractual issue was presented. Despite the .defendant’s claim on appeal that it had relied on the statements at the pretrial conference defining the plaintiffs legal theory, this court affirmed, stating "that the fact that Janke misconceived the legal theory of its case does not preclude it from obtaining relief under another legal theory.”
 
 Id.
 
 The pleadings in
 
 Janke
 
 were broadly enough worded to- encompass a claim under promissory estoppel.
 
 See also Laguna v. American Export Isbrandtsen Lines,
 
 439 F.2d 97, 102 (2d Cir.1971) (District court erred in refusing to allow amendment of the pretrial order to include an additional basis of recovery when the only factor counseling against amendment was the defendant’s unsubstantiated claim of prejudice.).
 

 [7]
 

 . By contrast, in
 
 Armstrong Cork Co. v. Lyons,
 
 366 F.2d 206 (8th Cir.1966) and
 
 International Harvester Credit Corp. v. East Coast Truck Lines,
 
 547 F.2d 888 (5th Cir.1977), the respective courts of appeals reversed the post-trial amendments of the pretrial orders because the defendants were not given adequate notice that a new legal theory had been injected during the course of the trial. Significantly, the court in
 
 Armstrong
 
 did not conclude that the plaintiffs were forever barred from raising an alternative theory of relief because of their failure to raise the claim from the outset. Instead, the court instructed the district court on remand to give the plaintiffs an opportunity to amend their complaint and to allow the defendant adequate opportunity to respond.
 
 Armstrong,
 
 366 F.2d at 210.
 

 [8]
 

 . The appellants seemed to have been aware from the outset of this suit that the trustee might bring a claim under section 544(b). Although the complaint and pretrial order referred only to section 544(a), the issues and facts discussed in those documents raised an issue under section 544(b). The appellants indicated in the pretrial order that they would object to any change in legal theory, obviously out of fear that the trustee would realize his error and add a claim under section 544(b) (as he subsequently attempted to do in his trial brief).
 

 [9]
 

 .The lack of prejudice to the non-moving party distinguishes this case from
 
 Troxel Mfg. Co. v. Schwinn Bicycle Co.,
 
 489 F.2d 968 (6th Cir.1973), ce
 
 rt. denied,
 
 416 U.S. 939, 94 S.Ct. 1942, 40 L.Ed.2d 290 (1974). The court of appeals in that case affirmed the denial of Troxel's motion to amend its pleadings to add an alternative theory of recovery. As in this case, the moving party explained its delay by claiming that it had misconceived the law. The post-trial amendment was not permitted in
 
 Troxel
 
 because the non-moving party would have had to engage in additional discovery and, apparently, would be subject to a fullblown trial.
 
 Id.
 
 at 971. In this case, by contrast, the parties stipulated that no further evidence would be introduced.